BARKETT, Circuit Judge,
dissenting, in which HILL, Circuit Judge, joins:
I join in full the dissenting opinions authored by Judge Martin and Judge Hill. I write separately to emphasize that 28 U.S.C. § 2255(e) is referred to as the “savings” clause for a reason. By permitting a federal prisoner to bring a habeas corpus petition under 28 U.S.C. § 2241 where § 2255 proves “inadequate or ineffective remedy to test the legality of his detention,” § 2255(e) operates to “save” § 2255 from violating the Suspension Clause of the United States Constitution. In a recent landmark decision comprehensively interpreting the Suspension Clause, the Supreme Court squarely held that the Suspension Clause is violated when a prisoner is denied “a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law.” Boumediene v. Bush, 553 U.S. 723, 779, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008).[1] Thus, where the *1330 application of the statutory bar in § 2255(h) would deny a federal prisoner such a meaningful opportunity, the savings clause must apply in order to avoid an unconstitutional suspension of the writ of habeas corpus.[2] In this case, there can be no dispute that Gilbert, through no fault of his own, has been denied a meaningful opportunity to challenge the legality of his detention.[3] Because the Constitution guarantees him that opportunity, I believe that the savings clause authorizes him to bring his claim in a habeas corpus petition under § 2241.

. Judge Pryor's concurring opinion is premised on the view that the Suspension Clause applies only where a prisoner has been convicted and sentenced by a court of incompetent jurisdiction. That view, however, is not one shared by the Supreme Court. See Boumediene, 553 U.S. at 785, 128 S.Ct. 2229 ("Even when the procedures authorizing detention are structurally sound, the Suspension Clause remains applicable and the writ relevant. This is so ... even where the prisoner is detained after a criminal trial conducted in *1330 full accordance with the protections of the Bill of Rights.”) (internal citation omitted).

. Relying on Felker v. Turpin, 518 U.S. 651, 663-64, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the majority suggests that the statutory bar in § 2255(h) is wholly immune from the Suspension Clause. But the Supreme Court in Felker held only that the analogous statutory bar in 28 U.S.C. § 2244(b)(3) did not violate the Suspension Clause on its face. Nowhere did the Court suggest, let alone hold, that the statutory bar would not violate the Suspension Clause where its application in a particular case has the egregious effect of denying a prisoner a meaningful opportunity to challenge the legality of his detention.

. Not only does Judge Pryor dispute this point, he deems it "silly.” But every court to review Gilbert's meritorious claim, which he has pursued with diligence, has lacked the authority to correct the legal error he identified. Judicial review of this sort is vacuous and hollow, not meaningful. See Boumediene, 553 U.S. at 785, 128 S.Ct. 2229 ("Habeas corpus is a collateral process that exists, in Justice Holmes’ words, to 'cut through all forms and go to the very tissue of the structure. It comes in from the outside, not in subordination to the proceedings, and although every form may have been preserved opens the inquiry whether they have been more than an empty shell.' ”) (quoting Frank v. Mangum, 237 U.S. 309, 346, 35 S.Ct. 582, 59 L.Ed. 969 (1915) (Holmes, J., dissenting) (alterations omitted)). The denial of such meaningful review is further compounded by the now-undisputed fact that Gilbert was sentenced pursuant to an erroneously-calculated mandatory guideline range that effectively increased his term of imprisonment by at least eight and a half years. In short, there is nothing silly — and everything solemn — about this case.